# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Estate of KISHA A. REILLY, by his [*sic*] )
next of kin, MASON C. REILLY, )
         )
  Plaintiff,     )
         ) C.A. No. N20C-08-163 FWW
   v.      )
         )
DAVE TURKO, in his Individual Capacity, )
         )
  Defendant.    )

Submitted: February 7, 2022
Decided: February 8, 2022

*Upon the Motion for Reargument of Plaintiff Estate of Kisha A. Reilly by His [sic]*
*Next of Kin Mason C. Reilly,*
**DENIED.**

## ORDER

Ronald G. Poliquin, Esquire, THE POLIQUIN LAW FIRM, 1475 S. Governors Avenue, Dover, DE, 19904, Attorney for Plaintiff.

Patrick M. Brannigan, Esquire, Mark L. Reardon, Esquire, THE ECKERT SEAMANS LAW FIRM, 222 Delaware Avenue, Suite 700, Wilmington, DE, 19801, Attorneys for Defendant Dave Turko.

**WHARTON, J.**

This 8th day of February, 2022, upon consideration of the Motion for Reargument of Plaintiff Estate of Kisha A. Reilly by his [*sic*] next of kin Mason C. Reilly ("the Estate");[1] it appears to the Court that:

1.      On February 1, 2022 the Court granted Defendant Dave Turko's Renewed Motion to Dismiss.[2]  In its Order, the Court noted that no explanation had been provided why an estate for Kisha A. Reilly had not been opened at the time the original complaint was filed,[3] and why former Plaintiff Shaun S. Reilly falsely represented in the original complaint that he was the administrator of Kisha A. Reilly's estate.[4]

2.      In its Motion for Reargument ("Motion"), the Estate provides answers to those questions in an effort to clarify the record.[5]  The Estate explains that Shaun S. Reilly was incarcerated and unable to open an estate, COVID-19 concerns closed the prison law library causing him to be unable to conduct legal research, and other possible administrators were either unwilling, unable to serve due to felony convictions, or too young.[6]

---

[1] Pls.' Mot. for Rearg., D.I. 63.
[2] *Estate of Kisha A. Reilly v. Turko,* 2022 WL 301701 (Del. Super. Ct. Feb. 1, 2022).
[3] *Id.,* at *2.
[4] *Id.,* at n. 31.
[5] Pl.'s Mot. for Rearg., at ¶¶ 3-7, D.I. 63.
[6] *Id.*

3.      Pursuant to Superior Court Civil Rule 59(e), a motion for reargument will be granted only if the Court has "overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[7]  A motion for reargument is not an opportunity for a party to either rehash arguments already decided by the Court or present new arguments not previously raised.[8]  Therefore, to succeed on such a motion, the moving party has the burden of demonstrating the existence of newly discovered evidence, a change in the law, or manifest injustice.[9]

4.      The Motion does not claim that the Court "overlooked controlling precedent or legal principles or has misapprehended the law."  The Court finds that the additional facts supplied in the Motion are not newly discovered would not have changed the outcome of the underlying decision.

**THEREFORE**, the Motion for Reargument of Plaintiff Estate of Kisha A. Reilly, by his [*sic*] next of kin Mason C. Reilly is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[7] *Janeve Co., Inc. v. City of Wilmington*, 2009 WL 2386152, at *1 (Del. Super. July 24, 2009) (quoting *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. July 31, 2008)).
[8] *See Reid*, 2008 WL 2943373, at *1 (citations omitted).
[9] *Id.*